# **EXHIBIT B**

# Comcast Cable

# Law Enforcement Handbook





Version: September, 2007     Comcast Legal Response Center

## Table of Contents

Introduction ................................................................................................  3
    Comcast Digital Voice® Telephone Service ...............................................  4
    Comcast High Speed Internet™
    Comcast Digital Cable™

Contact Information ....................................................................................  5

Internet Compliance ...................................................................................  6
    Subscriber Account Identification and Related Records ...........................  7
    Retention Policies ................................................................................  10
    Types of Request ................................................................................  12
    Quick Reference .................................................................................  15
    Reimbursement Fees ...........................................................................  16

Voice Compliance ....................................................................................  17
    Subscriber Account Identification and Related Records ...........................  18
    Retention Policies ................................................................................  19
    Types of Requests ..............................................................................  20
    Quick Reference .................................................................................  23
    Reimbursement Fees ...........................................................................  24

Cable Television Compliance .....................................................................  25
    Subscriber Account Identification and Related Records ...........................  26

Appendix ..................................................................................................  27
    Attachment #1 ....................................................................................  28
    Attachment #2 ....................................................................................  30
Telecommunications Act of 1996 ................................................................  33

**Introduction**

Comcast Corporation (through its operating company subsidiaries) is the nation's leading provider of cable, entertainment, and communications products and services, currently with over 24 million cable customers, nearly 12.5 million high-speed Internet customers and 3.5 million voice customers.  More information about Comcast and its products and services is available from http://www.comcast.com.

Comcast will assist law enforcement agencies in their investigations while protecting subscriber privacy as required by law and applicable privacy policies. Three federal statutes that Comcast must conform to when releasing subscriber information are: The Cable Communications Policy Act of 1984 (47 U.S.C. § 551); The Electronic Communications Privacy Act (18 U.S.C. §§ 2510-2522, 2701-2712, 3121-3127); and the Telecommunications Act of 1996 (particularly, 47 U.S.C. § 222 pertaining to customer proprietary network information or CPNI).  Copies of 47 U.S.C. § 551 and 47 U.S.C. § 222 are included in Attachment #2 for reference.  Comcast must also comply with other applicable state and federal laws.

Comcast's primary goal is to provide *timely* and *accurate* responses to all law enforcement and legal requests. Comcast has highly qualified personnel who are responsible for complying with legal requests made of Comcast. Unless otherwise required by the request, Comcast's goal is to provide a response within eight to ten working days of each request. If necessary, Comcast employees can offer testimony in support of subscriber identifications. However, Comcast encourages the use of affidavits in order to avoid personal court appearances wherever possible.

**Note**:  This Handbook is provided for informational purposes only.  Comcast expressly reserves the right to add, change, or delete any information contained in this Handbook at any time and without notice.  Furthermore, Comcast reserves the right to respond or object to, or seek clarification of, any legal requests and treat legal requests for subscriber information in any manner consistent with applicable law.

**Comcast Digital Voice® Telephone Service**



Comcast's IP-enabled phone service, branded Comcast Digital Voice®, is a residential, primary line service that offers digital quality and includes all of the features that customers expect from their phone service plus new enhanced features like the ability to check voice mail online.  Comcast also offers traditional circuit-switched telephone service in several locations.  This service is branded Comcast Digital Phone™.  Comcast also offers commercial telephone services branded Comcast Business Class (formerly Workplace Digital Voice) and has a small number of commercial Comcast Digital Phone customers.

**Comcast High Speed Internet™**



Comcast High Speed Internet provides a constant connection to the Internet and offers standard download speeds at 6 Mbps and upload speeds at 384 Kbps as well as higher speed plans. In addition, Comcast gives subscribers up to seven unique email accounts accessible from any Internet-connected computer.



**Comcast Digital Cable™**

Comcast Digital Cable television service provides customers with the best programming and broadcast networks, as well as movies, sports, and other events.  On Demand and Digital Video Recorder options further enhance customers' ability to experience all of the programming provided over this service.

**Contact Information**

**Legal Compliance (Subpoena, Search Warrant, Court Order):**

Comcast's Legal Response Center has two groups which handle legal compliance.  The Legal Demands Center – Data located in Moorestown, New Jersey is responsible for matters involving Comcast High Speed Internet.  The Legal Demands Center – Voice and Video located in Greenwood Village, Colorado (outside of Denver) is responsible for matters involving Comcast's telephone services (Comcast Digital Voice, Comcast Digital Phone) and television service (Comcast Digital Cable).

Comcast uses CT Corporation (866-401-8252) as a registered agent to support the submission of legal requests.  If your legal request *must* be served in your state of origin please contact CT Corporation's local office for submission or the Legal Response Center for a list of CT Corporation's offices.  If you may serve legal process outside of your state of origin, Comcast prefers service of legal requests via facsimile (see contact information below) to the extent allowed by state or federal law.

**Legal Demands Center - Data:**

650 Centerton Road
Moorestown, NJ 08057

|  | 8:30AM – 5:00PM Eastern Time | |
|---|---|---|
| Hours of Operation: | | |
| Telephone: | (856)   317-7272 | |
| Service of Process Fax: | (856)   317-7319 | |
| Emergency Contact: Telephone: | (877)   249-7306 | Comcast Security Response Center (24x7) |

**Legal Demands Center – Voice and Video:**

5800 S Quebec Street
Greenwood Village, CO 80111

| Hours of Operation: | 8:00AM – 5:00PM Mountain Time Monday - Friday | |
|---|---|---|
| Telephone: | (800) 871-6298 | |
| Service of Process Fax: | (720) 267-2794 | |
| Emergency Contact: Telephone: | (877) 249-7306 | Comcast Security Response Center |



# Internet Compliance



**Subscriber Account Identification and Related Records**

Comcast has the ability to identify only Comcast High Speed Internet Subscriber accounts based on the following criteria:

- Internet Protocol (IP) address *including* date and time of incident;

- email account identifier;

- subscriber name and address; and

- subscriber account number.

Typically, upon receipt of a properly and timely (within 6 months) submitted valid and statutorily authorized legal request, Comcast can supply the subscriber's name, address, telephone number, email accounts, Comcast account number and current account status.

**For identification based upon an IP address:**
> - Before sending a request, please confirm that the IP address is assigned to Comcast. This can be accomplished by visiting http://ws.arin.net/whois or http://www.ip2location.com/free.asp





- Because Comcast's system of allocating IP addresses uses Dynamic Host Configuration Protocol (DHCP), its subscribers are not assigned a single, constant or static IP address. Instead, a dynamic IP address is assigned and has the potential to change several times throughout the course of a month. As a result, it is necessary to include in all requests for information the specific date and time of incident when an IP address was alleged to have been used.
- Comcast currently maintains its IP log files for a period of 180 days. If asked to make an identification based upon an IP address that was used more than 180 days prior to receipt of the request, Comcast will not have information to provide. (Comcast can process preservation requests as outlined below in this Handbook.)

**For identification based upon an email address:**

– All email address accounts obtained through Comcast High Speed Internet will end in comcast.net (i.e. JohnDoe@comcast.net). If the email account ends in any other domain (i.e. @hotmail.com or @yahoo.com), Comcast will not have information responsive to the request.

**For identification based upon a person's name:**

– Comcast cannot identify a subscriber based upon a name alone. It is necessary to include the street address where it is believed the individual receives service. It may be possible in some cases to identify a subscriber based on name and a city and state (with no street address).

– Comcast will only respond to a request for identification based on the name exactly as it is written on the request. For example: if the request asks for information relating to James Doe in Springfield and Comcast's records reveal a J. Doe and/or a Jim Doe in Springfield, Comcast will not have information responsive to the request or may require additional legal process to determine if it has responsive information. If initials or nickname are used you should add a request for those other versions of the name in your legal request.

**For identification based upon a street address:**

– It is necessary to provide an entire street address. In the request, please supply the house or apartment number, the street name, the city and the zip code of the location you have targeted.

– Over a length of time it is possible that Comcast has supplied service to multiple customers at the same address. Therefore, it is necessary to narrow a search for customer identity to a specific period of time.

**For identification based upon a Comcast account number:**

– Please provide a complete account number. Legal requests with incomplete account numbers will not result in successful identifications.

**Retention Policies**

**IP Address Information**

 - Comcast currently maintains Internet Protocol address log files for a period of
   180 days. If Comcast is asked to respond for information relating to an
   incident that occurred beyond this period, we will not have responsive
   information and can not fulfill a legal request. (Comcast can process and
   respond to preservation requests as outlined below in this Handbook.)

**Web mail Account Information for email contents and attachments**

 - Comcast High Speed Internet customer accounts are currently provided with up
to seven separate email accounts.  Customers may choose to not use Comcast email at all,
instead using another provider's email such as a Hotmail or Yahoo Mail, or use those
email services in addition to a Comcast email account.  In cases involving another
entity's email service or account, Comcast would not have any access to or ability to
access customer email in response to a legal request.  Legal requests seeking the contents
of emails or attachments to emails should also be aware of the following:

 - Where customers use Comcast email, they may use the Comcast Webmail
service. This permits customers to access their email from any Internet connected
computer.  In this case, the contents of emails are stored on Comcast's email servers
where they may be produced in response to a legal request if they have not been deleted
by the customer.

 - Customers may also use an email client program like Outlook Express, Outlook,
or Eudora to move or "pop" email from Comcast's email servers to their own personal
computers.  In those cases, emails may be deleted from Comcast's email servers and if
they are deleted, they are not accessible to Comcast.

 - Customers may also use Webmail and an email client program and leave emails
on Comcast's email servers as well as copy, not move, them to their personal computers.
In these cases, emails that remain on Comcast's email servers may be produced in
response to a legal request if they have not been deleted by the customer.

Comcast's Webmail service permits customers to change their email deletion policies, but the current default settings are described below.

- Inbox                      *(Read Mail* – No automatic deletion policy)
                             *(Unread Mail* – 45 day retention period)

- Trash                      *(Read Mail* – 1 day retention period)
                             *(Unread Mail* – 1 day retention period)

- Sent Mail                  *(Read Mail* – 30 day retention period)
                             *(Unread Mail* – 30 day retention period)

- Screened Mail              *(Read Mail* – 3 day retention period)
                             *(Unread Mail* – 3 day retention period)

- Personal Folders           (Read/Unread – No deletion policy)

- Popped Mail                (Deleted immediately from web mail servers)

Note: Comcast High Speed Internet customers can set their own preferences for certain web mail deletion or retention; thus, individual customer accounts may have settings that differ from those above.  For more information about Comcast Webmail settings, see http://www.comcast.net/help/faq/index.jsp?faq=Email118193.

## Types of Requests

Generally, the following information, when available to Comcast, can be supplied in response to the types of requests listed below. Each request is evaluated and reviewed on a case by case basis in light of any special procedural or legal requirements and applicable laws.  The following examples are for illustration only.

### Grand Jury, Trial, or Statutorily Authorized Administrative Subpoena

Law enforcement agencies are eligible to receive subscriber identification including items (1)-(6) without notice to the subscriber:

1)  Subscriber's name
2)  Subscriber's address
3)  Length of service including start date
4)  Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address
5)  Subscriber's email account names;
6)  Means and source of payment for such service (including any credit card or bank account number); and
7)  In certain instances, email communications older than 180 days *with notice*.

### Judicial Summons

Law enforcement agencies are eligible to receive subscriber identification including:

1)  Subscriber's name
2)  Subscriber's address
3)  Length of service including start date
4)  Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address.
5)  Subscriber's email account names and
6)  Means and source of payment for such service (including any credit card or bank account number).

### Court Order

Law enforcement agencies can receive subscriber identification including:

1)  Subscriber's name
2)  Subscriber's address
3)  Length of service including start date
4)  Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address.
5)  Subscriber's email account names and
6)  Means and source of payment for such service (including any credit card or bank account number).
7)  The content of certain of the subscriber's email communications can be  provided if stated within the order and with notice.

**Search Warrant**

Law enforcement agencies are eligible to obtain subscriber identification including:

1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address.
5) Subscriber's email account names and
6) Means and source of payment for such service (including any credit card or bank account number).
7) The content of certain of the subscriber's email communications can be provided if stated within the order.

**Important Note on Email Communications:** In most instances, email communications in storage for 180 days or less may *only* be produced in response to a state or federal warrant and in such situations may be done so without notice to the subscriber. For email communications in storage for over 180 days, a warrant may also be used, and court orders and valid statutorily authorized administrative subpoenas may be used, but use of these two alternative methods generally requires notice to the subscriber.

**Preservation Request/ Backup Preservation Request**

Title 18 U.S.C. §§ 2703(f) and 2704 provide a mechanism for law enforcement agencies to require Comcast to preserve subscriber data until an appropriate legal order is obtained. No information can be released until Comcast receives a formal and valid legal request. The information will be retained for ninety days upon which, if no valid legal request is made, or no authorized ninety day extension is sought, the information will be permanently purged.

**Pen Register / Trap and Trace Device**

Title 18 U.S.C. § 3123 provides a mechanism for authorizing and approving the installation and use of a pen register or a trap and trace device pursuant to court order. All orders must be coordinated prior to submission to Comcast. Law enforcement will be asked to agree to reimburse Comcast's reasonable costs incurred to purchase and/or install and monitor necessary equipment. See "Reimbursement," below.

**Foreign Intelligent Surveillance Act of 1978**

Title 50 U.S.C. §§  1801-1862 and new §§ 105A and B. Submissions to Comcast should be coordinated with the FBI field office in Trenton, NJ or Philadelphia, PA. A Special Agent will be tasked to hand deliver the request to Comcast. Upon receipt, Comcast will handle all documents with the appropriate care and security as required by law.

**National Security Letter**

All National Security Letters should be coordinated with the FBI field office in Trenton, NJ or Philadelphia, PA. A Special Agent will be tasked to hand deliver the request to Comcast. Upon receipt Comcast will handle all documents with the appropriate care and security as required by law.  Attention must be paid to the various court proceedings in which the legal status of such requests is at issue.

**Child Abuse**

Comcast will make information available to the National Center for Missing and Exploited Children as required by 42 U.S.C. § 13032.

**Emergency Disclosure**

18 U.S.C. § 2702(b)(8) and § 2702(c)(4) contain provisions for the expedited release of subscriber information in situations where there is an immediate danger of death or an immediate risk of serious physical injury. Law enforcement agencies need only to adequately complete Comcast's Emergency Situation Disclosure Request form (Reference Attachment #1) and they will receive accelerated subscriber identification.

**Quick Reference**

The checklist below should function as a quick reference guide for producing a valid legal submission to Comcast and will help reduce processing time associated with overly broad or erroneous submissions.

✓ Verify that the IP address or e-mail address is registered to Comcast.

✓ Limit your request to no more than five IP address or email address elements per individual legal document (subpoena, warrant, order). This will allow us to manage your request more effectively and provide a quicker response.

✓ Include the IP address, email address, street address, phone number and all other pertinent information that would allow Comcast to adequately respond to your request.

✓ Include date and time of all incidents including seconds and time zone, i.e. 12 December 2007 @ 06:13:21 EST. State on your request specifically what you require Comcast to provide and be sure it conforms to what ECPA permits; overly broad requests often require additional follow up and may slow response time.

✓ Ensure that you have made the required certifications and complied with all applicable substantive and procedural requirements under the particular statutes or regulation authorizing your request.  This will greatly enhance our ability to make a timely response.

✓ Ensure that you completely explain the nature and circumstances of any potential serious injury or death to justify an emergency disclosure.

✓ Ensure that all of your contact information is correct. Comcast will return legal requests via fax unless otherwise requested in the subpoena or order

**Reimbursement Fees**

The Legal Response Center does not charge for responses to legal process served by a government entity involving child exploitation.  In all other situations, Comcast reserves the right to seek reimbursement for processing and responding to all legal process as permitted by law.  Our policy is to discuss reimbursement with the requesting party before we incur any costs.  However, in time-sensitive situations we may have to discuss costs after the fact.

Costs for the implementation of a Court Ordered Pen Register/Trap and Trace compliant/FISA requiring deployment of an intercept device are as follows:

- Intercept: $1,000.00 initial start-up fee (including the first month of intercept service) and $750.00 per month for each subsequent month in which the original order or any extensions of the original order are active.



# Voice Compliance



**Subscriber Account Identification and Related Records**

**For identification based upon telephone number:**
 − Comcast can only provide account information on telephone numbers with which we currently or have historically provided service.  The current company which provides service to a specific telephone number can be obtained by contacting Neustar.  Neustar is the company which serves as the FCC-appointed administrator of the North American Numbering Plan (NANP).  To obtain provider information from Neustar, you must first have an account active at Neustar.  Neustar's website is www.neustar.biz and the NANP website is http://www.nanpa.com/.

**For identification based upon a person's name:**
 − Comcast cannot identify a subscriber based upon a name alone. It is necessary to include the street address where it is believed the individual receives service. It may be possible in some cases to identify a subscriber based on name and a city and state (with no street address).

 − Comcast will only respond to a request for identification based on the name exactly as it is written on the request. For example: if the request asks for information relating to James Doe in Springfield and Comcast's records reveal a J. Doe and/or a Jim Doe in Springfield, Comcast will not have information responsive to the request or may require additional legal process to determine if it has responsive information. If initials or nickname are used you should add a request for those other versions of the name in your legal request.

**For identification based upon a street address:**
 − It is necessary to provide an entire street address. In the request,   please supply the house or apartment number, the street name, the city, state, and the zip code of the location you have targeted.
 − Over a length of time it is possible that Comcast has supplied service to multiple customers at the same address. Therefore, it is necessary to narrow a search for customer identity to a specific period of time.

**For identification based upon a Comcast account number:**
 − Please provide a complete account number. Legal requests with incomplete account numbers will not result in successful identifications.

## Retention Policies

### Call Detail Records

– Comcast maintains two years of historical call detail records (records of local and long distance connections) for our Comcast Digital Voice telephone service.  This includes local, local toll, and long distance records.  Comcast also currently provides traditional circuit-switched telephone service branded Comcast Digital Phone.  Call detail records for this service are collected by AT&T and are available for approximately two years as well.  To determine which type of service is involved, contact the Legal Demands Center—Voice and Video at 800-871-6298.

### Account Records

– Account records are generally stored for approximately two years after the termination of an account.  If the account has an outstanding balance due, records may be retained for a longer period of time.

**Types of Requests**

Generally, the following information, when available to Comcast, can be supplied in response to the types of requests listed below. Each request is evaluated and reviewed on a case by case basis in light of any special procedural or legal requirements and applicable laws.  The following examples are for illustration only.

**Grand Jury, Trial or Administrative Subpoena**

Law enforcement agencies can receive subscriber identification including:

1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address
5) Subscriber's social security number (if requested)
6) Means and source of payment for such service (including any credit card or bank account number)
7) Call Detail (records of local and long distance connections)

**Judicial Summons**

Law enforcement agencies can receive subscriber identification including:

1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address
5) Subscriber's social security number (if requested)
6) Means and source of payment for such service (including any credit card or bank account number)
7) Call Detail (records of local and long distance connections)

**Court Order**

Law enforcement agencies can receive subscriber identification including:

1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address

5) Subscriber's social security number (if requested)

6) Means and source of payment for such service (including any credit card or bank account number)
7) Call detail records (records of local and long distance connections)

**Search Warrant**

Law enforcement agencies can receive subscriber identification including:

1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address
5) Subscriber's Social Security number (if requested)
6) Means and source of payment for such service (including any credit card or bank account number)
7) Call detail records (records of local and long distance connections)

**Preservation Request/ Backup Preservation Request**

Title 18 U.S.C. §§ 2703(f) and 2704 provide a mechanism for law enforcement agencies to require Comcast to preserve subscriber data until an appropriate legal order is obtained. No information can be released until Comcast receives a valid legal request. The information will be retained for ninety days upon which, if no legal request is made or no authorized ninety day extension is sought, the information will be permanently purged.

**Pen Register / Trap and Trace Device**

Title 18 U.S.C. §§ 3122 and 3123. All orders authorizing or approving the installation and use of a pen register or a trap and trace device must be coordinated prior to submission to Comcast. Law enforcement will be asked to agree to reimburse Comcast's reasonable costs incurred to purchase and/or install and monitor necessary equipment. See "Reimbursement," below.

**Wiretaps and Interception of Communications**

Title 18 §§ 2510, 2516-19 authorizes orders for intercepting voice communications.  All orders authorizing or approving the installation and use of a wiretap must be coordinated prior to submission to Comcast. Law enforcement will be asked to agree to reimburse Comcast's reasonable costs incurred to purchase and/or install and monitor necessary equipment. See "Reimbursement," below.

**Foreign Intelligent Surveillance Act of 1978**

Title 50 U.S.C. § 1801-1862 Submissions to Comcast should be coordinated with the FBI field office in Denver, CO. A Special Agent will be tasked to hand deliver

the request to Comcast. Upon receipt, Comcast will handle all documents with the appropriate care and security as required by law. If your request pertains to individuals outside the U.S., please be sure you have complied with all the requirements in 50 U.S.C. §§ 105A and/or 105B.  Requests such as these can not be honored after one year and must be dated prior to February 5, 2008, unless extended by Congress.

**National Security Letter**

All National Security Letters should be coordinated with the FBI field office in Denver, CO. A Special Agent will be tasked to hand deliver the request to Comcast. Upon receipt Comcast will handle all documents with the appropriate care and security as required by law. Attention must be paid to the various court proceedings in which the legal status of such requests is at issue

**Child Abuse**

Comcast will make information available to the National Center for Missing and Exploited Children as required by 42 U.S.C. § 13032

**Emergency Disclosure**

18 U.S.C. § 2702(b)(8) and § 2702(c)(4) contain provisions for the expedited release of subscriber information in situations where there is an immediate danger of death or an immediate risk of serious physical injury. Law enforcement agencies need only provide a demand letter which details the nature of the request, as well as the circumstances giving rise to the danger, and account information will be provided on an expedited basis.

**Quick Reference**

The check list below should function as a quick reference guide for producing a valid legal submission to Comcast and will help reduce processing time associated with overly broad or erroneous submissions.

✓ Verify that the telephone number is registered to Comcast.

✓ Include the telephone number, physical address, and all other pertinent information that will help Comcast to adequately respond to your request.

✓ State on your request specifically what you require Comcast to provide; we do not make assumptions about what information is being sought.

✓ Do not use language which is specific to one company.  Use general terms such as "call detail records" rather than an acronym for call detail records that one company might use.

✓ Ensure that you completely explain the nature and circumstances of any potential serious injury or death to justify an emergency disclosure.

✓ Ensure that all of your contact information is correct. Comcast will return legal requests via fax unless otherwise requested in the order.

**Reimbursement Fees**

The Legal Response Center does not charge for responses to legal process served by a government entity involving child exploitation.  In all other situations, Comcast reserves the right to seek reimbursement for processing and responding to legal process as permitted by law.  Our policy is to discuss reimbursement with the requesting party before we incur any costs.  However, in time-sensitive situations we may have to discuss costs after the fact.

Costs for the implementation of a Court Ordered Pen Register/Trap and Trace, Wiretap, or a CALEA compliant Order are as follows:

- CALEA intercept: $1,000.00 initial start-up fee (including the first month of intercept service) and $750.00 per month for each subsequent month in which the original order or any extensions of the original order are active.

- Call Detail Record releases in response to ongoing Court Order: $150.00 per week for once-per-week delivery of incoming and outgoing call detail records for the duration of the original order and any extensions of the original order.  More frequent delivery of call detail records is an additional $50.00 per delivery.



# Cable Television Compliance



**Subscriber Account Identification and Related Records**

For subscribers to our cable television service, the Cable Act requires Comcast as a cable operator to disclose personally identifiable information to a governmental entity *solely* in response to a court order (and not, for example, a subpoena) or with the subscriber's express written consent. The Cable Act requires that the cable subscriber be afforded the opportunity to appear and contest in a court proceeding relevant to the court order any claims made in support of the court order.  At the proceeding, the Cable Act requires the governmental entity to offer clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case.  See 47 U.S.C. § 551(h).

If your investigation includes the fraudulent use of a credit card or identity, please contact the Legal Response Center and we will discuss options for obtaining basic cable television account information in response to a subpoena, for example.

# Appendix

**Attachment #1**

**Emergency Situation Disclosure Request
by Law Enforcement**

Please complete this form to assist Comcast IP Services in exercising its discretion to disclose information to your law enforcement agency or governmental entity pursuant to 18 U.S.C. § 2702(b) or § 2702(c). If you are unable to answer a specific question in writing, please call 856-638-4021 or 856-317-7310. Failure to provide complete answers to any question may result in a delay of the disclosure of the requested information or Comcast choosing not to make any disclosure.

1. What is the nature of the emergency involving immediate danger of death or serious physical injury to any person?

2. Whose death or serious physical injury is threatened?

3. What is the pending nature of the threat? Do you have information that suggests that there is a specific deadline before the act indicated in Question 1 will occur? (For example, tonight, tomorrow, at noon.)

4. Why is the required disclosure process pursuant to 18 U.S.C. § 2703 or another applicable law insufficient or untimely as set forth by the deadline indicated in Question 3?

5. What specific information in Comcast's possession are you seeking to receive on an emergency basis? (Please be specific such as name, street address, telephone, or e-mail contents; do not respond by asking for everything or all account information as that will likely delay processing of the request.)

If Comcast makes an emergency disclosure to your law enforcement agency or governmental entity pursuant to 18 U.S.C. § 2702(b) or § 2702(c), you agree that Comcast is entitled to reimbursement for costs and fees pursuant to 18 U.S.C. §2706. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____          _____

Printed Name              Signature

_____

Title

_____

Name of Agency/Governmental Entity

_____

Address

_____

Address

_____

Telephone number

_____

Fax number

**Attachment #2**

**Statutory Authority**

**Cable Communications Policy Act of 1984, 47 U.S.C. § 551**

(a) Notice to subscriber regarding personally identifiable information; definitions

(1)   At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--

    (A)  the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;

    (B)  the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;

    (C)  the period during which such information will be maintained by the cable operator;

    (D)  the times and place at which the subscriber may have access to such information in accordance with subsection (d) of this section; and

    (E)  the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) of this section to enforce such limitations.

In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

(2)  For purposes of this section, other than subsection (h) of this section--

    (A)  the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;

    (B)  the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and

    (C)  the term "cable operator" includes, in addition to persons within the definition of cable operator in [section 522](section 522) of this title, any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

    (D)  Collection of personally identifiable information using cable system

(1)  Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

(2)  A cable operator may use the cable system to collect such information in order to--

    (A)  obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or

    (B)  detect unauthorized reception of cable communications.

(C)  Disclosure of personally identifiable information

(1)  Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

(2)  A cable operator may disclose such information if the disclosure is--

    (A)  necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;

    (B)  subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

    (C)  a disclosure of the names and addresses of subscribers to any cable service or other service, if--

        (i)   the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and

        (ii)  the disclosure does not reveal, directly or indirectly, the—

        (iii) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or

        (iv)  the nature of any transaction made by the subscriber over the cable system of the cable operator; or

    (D)  to a government entity as authorized under chapters 119, 121, or 206 of Title 18, except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

(d)  Subscriber access to information

A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

(e)  Destruction of information

A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) of this section or pursuant to a court order.

(f)  Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy

    (1)  Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

   (2)  The court may award--

      (A)  actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;

      (B)  punitive damages; and

      (C)  reasonable attorneys' fees and other litigation costs reasonably incurred.

   (3)  The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

(g)  Regulation by States or franchising authorities

Nothing in this subchapter shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

(h)  Disclosure of information to governmental entity pursuant to court order

Except as provided in subsection (c)(2)(D) of this section, a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order--

   (1)  such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and

   (2)  the subject of the information is afforded the opportunity to appear and contest such entity's claim.

## Telecommunications Act of 1996, 47 U.S.C. § 222

(a) In general

Every telecommunications carrier has a duty to protect the confidentiality of proprietary information of, and relating to, other telecommunication carriers, equipment manufacturers, and customers, including telecommunication carriers reselling telecommunications services provided by a telecommunications carrier.

(b) Confidentiality of carrier information

A telecommunications carrier that receives or obtains proprietary information from another carrier for purposes of providing any telecommunications service shall use such information only for such purpose, and shall not use such information for its own marketing efforts.

(c) Confidentiality of customer proprietary network information

    (1)   Privacy requirements for telecommunications carriers

Except as required by law or with the approval of the customer, a telecommunications carrier that receives or obtains customer proprietary network information by virtue of its provision of a telecommunications service shall only use, disclose, or permit access to individually identifiable customer proprietary network information in its provision of (A) the telecommunications service from which such information is derived, or (B) services necessary to, or used in, the provision of such telecommunications service, including the publishing of directories.

    (2)   Disclosure on request by customers

A telecommunications carrier shall disclose customer proprietary network information, upon affirmative written request by the customer, to any person designated by the customer.

    (3)   Aggregate customer information

A telecommunications carrier that receives or obtains customer proprietary network information by virtue of its provision of a telecommunications service may use, disclose, or permit access to aggregate customer information other than for the purposes described in paragraph (1). A local exchange carrier may use, disclose, or permit access to aggregate customer information other than for purposes described in paragraph (1) only if it provides such aggregate information to other carriers or persons on reasonable and nondiscriminatory terms and conditions upon reasonable request therefor.

(d) Exceptions

Nothing in this section prohibits a telecommunications carrier from using, disclosing, or permitting access to customer proprietary network information obtained from its customers, either directly or indirectly through its agents--

    (1)   to initiate, render, bill, and collect for telecommunications services;

    (2)   to protect the rights or property of the carrier, or to protect users of those services and other carriers from fraudulent, abusive, or unlawful use of, or subscription to, such services;

    (3)   to provide any inbound telemarketing, referral, or administrative services to the customer for the duration of the call, if such call was initiated by the customer and the customer approves of the use of such information to provide such service;  and

    (4)  to provide call location information concerning the user of a commercial mobile service (as such term is defined in section 332(d) of this title)--

        (A)  to a public safety answering point, emergency medical service provider or emergency dispatch provider, public safety, fire service, or law enforcement official, or hospital emergency or trauma care facility, in order to respond to the user's call for emergency services;

        (B)  to inform the user's legal guardian or members of the user's immediate family of the user's location in an emergency situation that involves the risk of death or serious physical harm;  or

        (C)  to providers of information or database management services solely for purposes of assisting in the delivery of emergency services in response to an emergency.

(e)   Subscriber list information

Notwithstanding subsections (b), (c), and (d) of this section, a telecommunications carrier that provides telephone exchange service shall provide subscriber list information gathered in its capacity as a provider of such service on a timely and unbundled basis, under nondiscriminatory and reasonable rates, terms, and conditions, to any person upon request for the purpose of publishing directories in any format.

(f)   Authority to use wireless location information

For purposes of subsection (c)(1) of this section, without the express prior authorization of the customer, a customer shall not be considered to have approved the use or disclosure of or access to--

    (1)  call location information concerning the user of a commercial mobile service (as such term is defined in section 332(d) of this title), other than in accordance with subsection (d)(4) of this section;  or

    (2)  automatic crash notification information to any person other than for use in the operation of an automatic crash notification system.

(g)   Subscriber listed and unlisted information for emergency services

Notwithstanding subsections (b), (c), and (d) of this section, a telecommunications carrier that provides telephone exchange service shall provide information described in subsection (i)(3)(A) [FN1] of this section (including information pertaining to subscribers whose information is unlisted or unpublished) that is in its possession or control (including information pertaining to subscribers of other carriers) on a timely and unbundled basis, under nondiscriminatory and reasonable rates, terms, and conditions to providers of emergency services, and providers of emergency support services, solely for purposes of delivering or assisting in the delivery of emergency services.

(h)   Definitions

As used in this section:

    (1)  Customer proprietary network information

The term "customer proprietary network information" means--

        (A)  information that relates to the quantity, technical configuration, type, destination, location, and amount of use of a telecommunications service subscribed to by any customer of a telecommunications carrier, and that is made available to the carrier by the customer solely by virtue of the carrier-customer relationship;  and

(B) information contained in the bills pertaining to telephone exchange service or telephone toll service received by a customer of a carrier;

except that such term does not include subscriber list information.

(2)   Aggregate information

The term "aggregate customer information" means collective data that relates to a group or category of services or customers, from which individual customer identities and characteristics have been removed.

(3)   Subscriber list information

The term "subscriber list information" means any information--

(A) identifying the listed names of subscribers of a carrier and such subscribers' telephone numbers, addresses, or primary advertising classifications (as such classifications are assigned at the time of the establishment of such service), or any combination of such listed names, numbers, addresses, or classifications;  and

(B) that the carrier or an affiliate has published, caused to be published, or accepted for publication in any directory format.

(4)   Public safety answering point

The term "public safety answering point" means a facility that has been designated to receive emergency calls and route them to emergency service personnel.

(5)   Emergency services

The term "emergency services" means 9-1-1 emergency services and emergency notification services.

(6)   Emergency notification services

The term "emergency notification services" means services that notify the public of an emergency.

(7)   Emergency support services

The term "emergency support services" means information or data base management services used in support of emergency services.

[FN1] So in original.  Probably should be "(h)(3)(A)".