UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



MOTION TO QUASH OR VACATE SUBPOENA

| | |
|---|---|
| SWARM SHARING HASH FILE<br>AE340D0560129AFEE8D78CE07F2394C7B<br>5BC9C05;<br>AND DOES 1 through 38, *pro se*<br>   Defendants,<br><br>v.<br><br>LIBERY MEDIA HOLDINGS, LLC,<br>   Plaintiff, | DOCKET NO. 11-cv-10802 —WGY |

**MOTION TO QUASH SUBPOENA**

NOW COMES John Doe, alleged user of I.P. Address 66.30.115.104, and for his Motion to Quash the Subpoena issued to Comcast Corp. ("Comcast") dated May 11, 2011, states as follows:

1.  John Doe, as alleged user of I.P. Address 66.30.115.104, requests that the Court quash the subpoena pursuant by the Plaintiff to order Comcast to supply personally identifiable information related to the I.P. Address aforementioned.

2.  Plaintiff's subpoena should be quashed because it requires the Keeper of Records of Comcast, located in Moorestown, New Jersey, to produce documents at the office of Plaintiff's counsel in Amesbury, Massachusetts, which is more than 100 miles away.

3.   Plaintiff's subpoena should be quashed because it does not contain any specific information about the claimed copyrighted work, for example file name, file type and/or file size, nor the method of infringement, for example peer-to-peer networking and/or direct file transfer, with regards to the allegedly uploaded and/or downloaded movie using a computer assigned the I.P. Address 66.30.115.104 on 11/15/2010 19:55:10 UTC, per the paperwork and spreadsheet information submitted to Comcast and in-turn to John Doe.

4.   Plaintiff's subpoena to Comcast also does not provide information on the amount of data shared and/or the duration of the data shared on the internet. Therefore it is plausible that John Doe inadvertently clicked on a link which started the alleged copyright movie download and/or upload for a split-second, thereby not downloading and/or uploading 100% or 50% or even a full 1% of the movie being claimed by the Plaintiff as their copyrighted work.

5.   Plaintiff's subpoena also fails to state the validity of gathered information on John Doe, as represented in the supplied and alleged evidence submitted in form of a list of I.P. Addresses to Comcast, which in-turn was submitted to John Doe. Therefore it is plausible that Plaintiff cannot guarantee with 100% accuracy, the validity of the I.P. Address of John Doe submitted to Comcast, and the Plaintiff also fails to detail the validity of how they gathered this I.P. Address.

6.  Notice of Plaintiff's subpoena also was improperly served by Comcast. As instructed in the Order Granting Plaintiff's Emergency Ex-Parte Motion for Early Discovery, the ISP is to distribute a copy of the Notice within seven days of the service of the subpoena. John Doe was sent notice of the Rule 45 subpoena on June 3, 2011, which is 23 days after the subpoena date of May 11, 2011, meaning Comcast responded much later than the seven days instructed in the court order. The 21 days allowed for the Doe defendant consequently exceeds the subpoena deadline of June 8, 2011, resulting in a subpoena that fails to allow a reasonable time to comply. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i), this is sufficient cause to quash a subpoena.

7.  John Doe would also bring to the Court's attention the prevalence of computer hackers and their ability to copy or spoof I.P. Addresses and Media Access Controller addresses thereby falsely assuming John Does internet identity and/or hijacking his computer without John Doe's knowledge. John Doe does submit to having wireless security enabled on his personal home network, but cannot guarantee its unauthorized use and/or hacking thereof.

8.  John Doe would finally like to point to the memorandum opinion of *CP Productions, Inc. v. DOES 1-300* No. 10 C 6255 (2011), which dismisses a similar case on the grounds that suits pursuing individual, independent instances of copyright infringement should be filed separately, and should not be allowed to be filed on a wholesale

basis. Such allowances could lead to possible abuse, including mass-litigation as a strategy to monetize infringement.

WHEREFORE, movant prays that the Court grant him motion to quash subpoena.

        **John Doe (Alleged User of I.P. Address 66.30.115.104)**, *pro se*
                                                                                                    Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **JUNE 17, 2011**
                    (date)

**CERTIFICATE of SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by overnight delivery or facsimile on June 17, 2011.

Mitchell Tai