**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
_____

LIBERTY MEDIA HOLDINGS, LLC

      Plaintiff

     v.                            Civil Action No. 11-cv-10802-WGY

SWARM SHARING HASH FILE
AE340D0560129AFEE8D78CEO7F2394C7B
5BC9C05; AND DOES 1 through 38,

      Defendants
_____

### DOE 15'S MOTION TO QUASH SUBPOENA

     Doe 15 hereby files this motion to quash any and all subpoenas for production of documents, specifically the subpoena issued by the Eastern District of Missouri on May 11, 2011 and served on Charter Communications ("Charter Subpoena"), for the following reasons:

**1. Improper Time**

     Pursuant to Fed.R.Civ.Proc. 45(c)(3)(A), a court may quash a subpoena if it fails to allow a reasonable time for compliance. The Charter Subpoena not only fails to allow a reasonable time for compliance, it also fails to comply with this Court's Order Granting Plaintiff's Emergency Ex-Parte Motion for Early Discovery ("Early Discovery Order"). In said Order, the ISPs were to be instructed to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena. It is unclear when the Charter Subpoena was served, as the Proof of Service merely indicates that it was

"served," but not the date. Presuming that it was served on May 12, 2001, one day after it was signed, more than seven days elapsed until June 3, the date of Charter's letter to Doe. The compliance deadline in the Charter Subpoena is June 8. Allowing 3 days for mailing, Doe could be presumed to have received notice on June 6 (not accounting for June 5 being a Sunday), leaving a mere two days to reply, in direct conflict with the twenty-one day response period called for in the Early Discovery Order.

## 2. Improper Issuance

Pursuant to Fed.R.Civ.Proc. 45(a)(2)(C), a subpoena for production of documents **must** issue "from the court for the district where the production of inspection is to be made." The Charter Subpoena was issued by the US. District Court of Missouri, yet calls for production in Amesbury, Massachusetts. As the district of issuance does not match the district of production, the Subpoena must be quashed.

Pursuant to Fed.R.Civ.Proc. 45(a)(3), an attorney may "issue and sign a subpoena on behalf of (A) a court in which the attorney is authorized to practice; or (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice." The Charter Subpoena was issued and signed by the Aaron Silverstein, attorney for the plaintiff. There is no evidence before the Court of where Attorney Silverstein is authorized to practice other than Massachusetts. The Charter Subpoena is improper because it is issued from Missouri, not Massachusetts; and the district in which production is compelled is Massachusetts, not Missouri.

## 3. Excessive distance

Pursuant to Fed.R.Civ.Proc. 45(c)(3), a non-party cannot be required to produce documents more than 100 miles from its business. This holds true even if the subpoena does not require a personal appearance, but only production of physical records. *Miller v. Holzmann*, 471 F.Supp.2d 119 (D.D.C. 2007). Since the Charter Subpoena requires production in Massachusetts, more than 100 miles from Missouri, the Subpoena should be quashed.

### 4. Undue Burden

Pursuant to Fed.R.Civ.Proc. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any files transferred at the times alleged, or that Doe copied, distributed, or otherwise infringed on a protected work owned by the plaintiff.  Furthermore, the removal of Doe's cloak of anonymity will subject him to intrusive public scorn as an alleged unlawful copier of gay pornography.

### 5. Improper Joinder

Pursuant to Fed.R.Civ.Proc. 20, defendants may be joined if there is asserted "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The plaintiff suggests that defendants have engaged in a "conspiracy," yet offer no facts to show any communication or plan amongst the defendants, or anything demonstrating that the defendants have any knowledge of one another's identities.

3

**6. Basic Fairness and Due Process**

The Charter Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement.

WHEREFORE, Plaintiff respectfully requests that this Court grant Doe's Motion and award attorney's fees and costs and for such further and other relief as deemed proper.

Northampton, Massachusetts
June 24, 2011

_____
Peter Irvine
Mass. BBO #656538
Attorney for Defendant Doe 15
76 King Street,
Northampton, MA 01060
(413) 587-0008
peter@peterirvinelaw.com