UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| SWARM SHARING HASH FILE AE340D0560129AFEE8D78CE07F2394C7B5BC9C05; AND DOES 1 through 38, | ) Civ. A. No. 11-cv-10802-WGY |
| Defendants. | ) |

**ASSENTED-TO MOTION TO SEAL OR, IN THE ALTERNATIVE, REDACT DOE 2'S MOTION TO QUASH SUBPOENA**

Defendant Doe 2 ("Defendant") hereby moves this Court pursuant to Local Rule 7.2 to impound and permanently seal Defendant's Motion to Quash Subpoena filed on June 17, 2011 (Docket No. 12; "Motion to Quash"), or, in the alternative, to redact his name and signature therefrom. As grounds therefor, Defendant states as follows:

1. The complaint identified Defendant pseudonymously as Doe 2 and alleged that Defendant had used the IP address 66.30.115.104 to infringe Plaintiff Liberty Media Holdings, LLC's ("Plaintiff") copyright. (Docket No. 1 ¶¶ 21-23.) Plaintiff sought early discovery for the purpose of identifying the Doe Defendants named in the complaint. (Docket No. 6 p. 1.) On May 10, 2011, the Court granted plaintiff's motion to take early discovery, authorizing Plaintiff to serve upon Internet Service Providers "a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant." (Docket No. 11 ¶ 1.)

2. Defendant filed his Motion to Quash *pro se*, without the assistance of counsel. (Docket No. 12 p. 4.)

3. Defendant filed the Motion to Quash in order to avoid the disclosure of personally identifying information, in light of the sensitive and potentially embarrassing nature of the allegations against him. Nevertheless, he erroneously gave his full name when signing the Motion to Quash. (Docket No. 12 p. 4.)

4. As Plaintiff noted in opposing the Motion to Quash, "[b]y signing his name to the certificate of service and including his return address on the service envelope, Doe 2 has largely mooted his own motion to quash." (Docket No. 22 p. 1.)

5. In an Order entered on July 22, 2011, the Court denied Defendant's Motion to Quash., further ordering that Defendant is "not permitted to proceed further in this action using [a] pseudonym[]." (Docket No. 26.)

6. Having retained counsel, Defendant has communicated with Plaintiff without a pseudonym, and negotiated a settlement under which Plaintiff shall dismiss all claims against Defendant. The settlement further moots Defendant's Motion to Quash, as well as Plaintiff's need for the subpoenaed information.

7. As part of the settlement agreement, Plaintiff has assented to this Motion to Seal.

8. Granting this Motion to Seal poses no "risk of unfairness to the opposing party." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Courts have granted a party's unopposed request to prevent public disclosure of its identity, where that identity was revealed to the opposing party. *Am. Civil Liberties Union of Nev. v. Masto*, 2008 U.S. Dist. LEXIS 66263, *12-*13 (D. Nev. Aug. 18, 2008). Moreover,

where requested by both parties, courts have allowed a defendant's identity to be concealed, even after an initial disclosure in a public filing. See *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980). In such cases, "[t]he use of pseudonyms is a narrowly tailored measure because it shields the identity ... from the press and the public only." *United States v. Jacobsen*, 785 F. Supp. 563, 569 (E.D. Va. 1992) (allowing pseudonymous witnesses); see also *United States v. D'Andrea*, 2011 U.S. App. LEXIS 9541, *2 n. 2 (1st Cir. 2011) (not naming anonymous tipster though "[h]er identity is now known to the parties").

9. Defendant's error in signing the Motion to Quash should be treated leniently in light of his *pro se* status at the time. "While *pro se* litigants are not exempt from procedural rules, courts are solicitous of the obstacles that they face." *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000). "[C]ourts should act to insure that *pro se* litigants rights are not inadvertently jeopardized through tactical or legal ignorance." *Evicci v. Baker*, 190 F. Supp. 2d 233, 237 (D. Mass. 2002) (noting that leniency toward *pro se* complaints "applies to the legal formalities"). *Pro se* complaints must be liberally construed, *Wehringer v. Power & Hall, P.C.*, 874 F. Supp. 425, 427 (D. Mass. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), and this leniency is accorded to *pro se* parties for other procedural matters as well. *Theodore v. Hacker Boat Co.*, 2010 U.S. Dist. LEXIS 46483, *2-*3 (D. Mass. May 12, 2010) ("it is permissible to afford some degree of leniency to a *pro se* plaintiff who attempts to effect service in a timely fashion, but doesn't"); *Montae v. Am. Airlines, Inc.*, 757 F. Supp. 2d 47, 54-56 (D. Mass. 2010) (refusing to dismiss *pro se* claim for failure to

send presentment letter and excusing *pro se* plaintiff's failure to timely amend complaint).

WHEREFORE, Plaintiff respectfully requests that Plaintiff's Motion to Quash be impounded and permanently sealed, or, in the alternative, that Plaintiff's name and signature be redacted from any version of the Motion to Quash made publicly available by the Court, whether in paper or electronic form.

| | |
|---|---|
| Dated: July 26, 2011 | Respectfully submitted, |
| | /s/ Dan Booth |
| | Dan Booth (BBO# 672090) |
| | BOOTH SWEET LLP |
| | 32R Essex Street, Suite 1 |
| | Cambridge, MA 02139 |
| | Telephone: (617) 250-8602 |
| | Facsimile: (617) 250-8883 |
| | |
| | *Attorney for Defendant John Doe No. 2* |

**CERTIFICATE OF SERVICE**

I, Dan Booth, hereby certify that on this 26th day of July, 2011, I electronically filed the foregoing Assented-To Motion to Seal Doe 2's Motion to Quash Subpoena by using the ECF system, causing a copy thereof to be served to the registered participants in this case through the ECF system, as identified on the Notice of Electronic Filing.

/s/ Dan Booth