**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

LIBERTY MEDIA HOLDINGS, LLC

      Plaintiff

     v.                                                  Civil Action No. 11-cv-10802-WGY

SWARM SHARING HASH FILE
AE340D0560129AFEE8D78CEO7F2394C7B
5BC9C05; AND DOES 1 through 38,

      Defendants

_____

### DEPONENT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Jeffrey Menard ("Deponent") hereby files this motion for a protective order, pursuant to FRCP 26(c), forbidding the Plaintiff to take the deposition of Deponent at this time, or, in the alternative, limiting the scope of said deposition.

Plaintiff mailed to Deponent's counsel a Notice of Taking Deposition dated October 7, 2011, identifying the Deponent by his real name ("Notice")(Exhibit) and demanding his attendance at a deposition on October 24, 2011 and demanding that Deponent produce certain documents at said deposition.

As of October 18, 2011, the Deponent has not been served with a Complaint, has not been identified in any court filing as a "defendant," and has not been personally served with a subpoena to attend the deposition. FRCP 45. As Deponent is not a "party," his presence at a deposition can only be required upon service of a subpoena.

To the extent that the Court's Order (Docket 11, *Order Granting Plaintiff's*

*Emergency Ex-Parte Motion for Early Discovery*)(the "Order") allows limited discovery to ascertain identification, Deponent's identity is now known to Plaintiff, so further such limited discovery is moot.

In the alternative, Deponent moves for a protective order to limit the scope of a deposition to comply with the Order, while restricting inquiry into non-relevant or unduly burdensome areas.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. grant Deponent's Motion;

2. issue a Protective Order declaring that Deponent is not required to attend any deposition, nor to produce any documents for plaintiff's inspection, on October 24, 2011;

3. in the alternative, issue a Protective Order limiting discovery to "identification of the proper defendant," and sustaining Deponent's objections noted above;

4. and award such further and other relief as deemed proper.

Northampton, Massachusetts
October 19, 2011

_____
Peter Irvine
Mass. BBO #656538
Attorney for Jeffrey Menard
76 King Street,
Northampton, MA 01060
(413) 587-0008
peter@peterirvinelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the attached Motion, together with all documentary exhibits, filed through the ECF system was sent electronically to the registered participants as indentified on the Notice of Electronic Filing at the time of filing.

**CERTIFICATION RE LOCAL RULE 7.1**

I hereby certify that I conferred with plaintiff's counsel on the subject of this Motion and attempted in good faith to resolve or narrow the issue.

_____
Peter Irvine
Mass. BBO #656538
Attorney for Jeffrey Menard
76 King Street,
Northampton, MA 01060
(413) 587-0008
peter@peterirvinelaw.com