**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LIBERTY MEDIA HOLDINGS, LLC

    Plaintiff

    v.                                                 Civil Action No. 11-cv-10802-WGY

SWARM SHARING HASH FILE
AE340D0560129AFEE8D78CEO7F2394C7B
5BC9C05; AND DOES 1 through 38,

    Defendants

**MEMORANDUM IN SUPPORT OF**

**DEPONENT'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Jeffrey Menard ("Deponent") hereby files this motion for a protective order, pursuant to FRCP 26(c), forbidding the Plaintiff to take the deposition of Deponent at this time, or, in the alternative, limiting the scope of said deposition.

*1. Introduction*

In asking to take the deposition of Deponent at this time, the Plaintiff attempts an end run around the procedures of FRCP 26, 30 and 4.

Plaintiff mailed to Deponent's counsel a Notice of Taking Deposition dated October 7, 2011, identifying the Deponent by his real name ("Notice")(Exhibit A) and demanding his attendance at a deposition on October 24, 2011 and demanding that Deponent produce certain documents at said deposition.

As of October 18, 2011, the Deponent has not been served with a Complaint, has

not been identified in any court filing as a "defendant," and has not been personally served with a subpoena to attend the deposition. FRCP 45.

### A. Procedural History

A party must obtain leave of court when a party seeks to take a deposition before the time specified in Rule 26(d). Here, the Plaintiff did earlier request expedited discovery to seek the identities of the Doe defendants from their Internet Service Providers ("ISPs"). The Court granted Plaintiff's request, issuing an Order that allowed Plaintiff to take discovery of certain ISPs. (Docket 11, *Order Granting Plaintiff's Emergency Ex-Parte Motion for Early Discovery*)(the "Order"). The Court also allowed Plaintiff's request that it be allowed to "serve additional limited discovery on a Doe defendant, once identified, for the sole purpose of ascertaining whether the individual identified is a proper defendant in the case." (Order.) For the reasons stated herein, the proposed deposition is improper and outside the scope of the Order.

### *2. Improper Service*

Until Deponent is served with a complaint, he is not a "party." *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995); see "*Order Granting Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery in Part; Severing Doe Defendants from Case; and Ordering Dismissal of Their Claims*;" *Pacific Century Int'l Ltd., v. Does 1–101*, No. C-11-02533 (N.D. Cal. July 8, 2011). To depose a non-party, the plaintiff must issue and personally serve a subpoena. FRCP 45, 34(c). Since plaintiff has not served a subpoena on Deponent, Deponent is not required to appear for a deposition or to produce documents requested.

Deponent further notes that at least one court in a similar mass filesharing case recently held that "until at least one person is served, the court lacks personal jurisdiction

over anyone." (Order, 2:11-cv-02068, docket 15, *VPR Internationale v. Does 1–1017,* (C.D. Ill., April 29, 2011)(purported class action)(Exhibit B). Without personal jurisdiction, the court declined to "advance a 'fishing expedition by means of a perversion of the purpose and intent' of class actions." Id.

### *3. A Deposition May Not Be Noticed Prior to Service of a Complaint and a Rule 26 Conference, Unless an Exception Applies*

Without leave of court, a party may not depose a person prior to service of the complaint and holding of a Rule 26(d) conference. FRCP 30(a). In the normal course of litigation, a known defendant should be identified in the pleadings and served with a complaint pursuant to FRCP 4. If the exact identity of an alleged defendant is unknown, a "John Doe" may be used, but

> may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed." *Johnson v. City of Erie,* 834 F.Supp. 873, 878 (W.D.Pa.1993) (citations omitted). Therefore, absent compelling reasons, district courts may dismiss John Doe defendants when the plaintiff, after being granted a reasonable period of discovery, fails to identify them. *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 37 (E.D.Pa.1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").

*Francis v. Northumberland County*, 636 F.Supp.2d 368, 398 (M.D. Penn. 2009).

To the extent that Plaintiffs allege that Deponent is an intended defendant, Plaintiff should be required to name him as a defendant, serve a complaint upon him, and then, only after a Rule 26 conference, be allowed to depose him.

### *4. Deponent is Not A Party Subject to a Notice of Deposition.*

The Notice should be quashed because Deponent is either not a "defendant," or, if he is a "defendant," has been identified and thus further discovery is contrary to the terms of the Order.

The Order allows Plaintiff to "serve additional limited discovery on a Doe *defendant*, once identified, for the sole purpose of ascertaining whether the individual identified is a proper defendant in the case." (Order)(emphasis added). Since the Deponent has not been identified as a "defendant," nor served with a complaint, subjecting him to a deposition would exceed the literal scope of the Order.

On the other hand, if Plaintiff alleges that Deponent *is* a "defendant," allowing additional discovery circumvents the purpose of FRCP 26 and offends the due process protections of FRCP 4.

Since Plaintiff has sufficient information to serve a complaint on Deponent, further discovery pursuant to the Order is not necessary. *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (SDNY 2004). In *Sony*, the court granted a discovery request because it was "sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." Id. Here, since Plaintiff has Deponent's name and address, as well as being in communication with Deponent's counsel, Plaintiff has sufficient information to effect service and need not engage in further expedited discovery.

***5. The Discovery Requested Exceeds the Scope of the Court's Order Allowing Expedited Discovery.***

Plaintiff's Notice exceeds the scope of the Order. Deponent denies any and all liability to Plaintiff. In its Notice, Plaintiff seeks to gather evidence that goes to the merits of the case, above and beyond the limited discovery of determining identify of a potential defendant. For example, Plaintiff requests Deponent to produce computer storage devices, information about Internet access and use of the BitTorrent software, and records

4

of web site visits. (Notice) This goes far beyond Plaintiff's professed need to identify the "proper defendant." Prior to allowing further discovery, the Plaintiff should be required to demonstrate the difference between "identifying a proper defendant" and "establishing liability."

    A. <u>Specific Objections to Notice of Deposition</u>

In the alternative, should this Court find that Deponent is required to attend the proposed deposition, Deponent moves for a protective order limiting the scope of the discovery requested.

Specifically, Deponent objects to Plaintiff's request to produce:

1. Documents sufficient to show the Media Access Control ("MAC") address for all Internet Capable Devices with access to Deponent's Internet Connection.
   a. OBJECTION: This request is unduly burdensome, unduly expensive, overly broad, vague, ambiguous, harassing, not limited in scope, irrelevant and not described with reasonable particularity. Specifically, Deponent does not personally maintain records of MAC addresses.
2. Documents sufficient to identify every roommate, guest, or visitor with access to the Deponent's Internet Connection during the month of November 2010, including, without limitation, their names, addresses, and phone numbers, and periods of time in which they had access to Deponent's Internet Connection.
   a. OBJECTION: This request is unduly burdensome, unduly expensive, overly broad, vague, ambiguous, harassing, not limited in scope, irrelevant and not described with reasonable particularity. Specifically, Deponent does not personally maintain records of "every roommate, guest, or

5

visitor." Furthermore, providing information of this nature would be a severe invasion of privacy of Deponent and the persons named.

3. Documents sufficient to show all files downloaded by Deponent using any and all peer-to-peer file trading protocols, including without limitation the BitTorrent protocol, from the time period of June 2010 to the present.
    a. OBJECTION: This request is unduly burdensome, unduly expensive, overly broad, vague, ambiguous, harassing, not limited in scope, irrelevant and not described with reasonable particularity. Specifically, the request exceeds the scope of the Complaint, unduly invading the privacy of Deponent by asking to examine personal data and habits.

4. Documents sufficient to show Deponent's employment records from June 2010 to the present.
    a. OBJECTION: This request is unduly burdensome, unduly expensive, overly broad, vague, ambiguous, harassing, not limited in scope, irrelevant and not described with reasonable particularity. Specifically, the request lacks relevance to the issue of copyright infringement.

5. Documents sufficient to show all adult entertainment or pornographic websites Deponent visited from June 2010 to the present.
    a. OBJECTION: This request is unduly burdensome, unduly expensive, overly broad, vague, ambiguous, harassing, not limited in scope, irrelevant and not described with reasonable particularity. Specifically, Deponent does not personally maintain such records. The request is designed to embarrass Deponent and is not relevant to the issue of infringement of

    Plaintiff's Movie.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. grant Deponent's Motion;

2. issue a Protective Order declaring that Deponent is not required to attend any deposition, nor to produce any documents for plaintiff's inspection, on October 24, 2011;

3. in the alternative, issue a Protective Order limiting discovery to "identification of the proper defendant," and sustaining Deponent's objections noted above;

4. and award such further and other relief as deemed proper.

Northampton, Massachusetts
October 19, 2011

*/s/ Peter Irvine*
_____
Peter Irvine
Mass. BBO #656538
Attorney for Jeffrey Menard
76 King Street,
Northampton, MA 01060
(413) 587-0008
peter@peterirvinelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the attached Motion, together with all documentary exhibits, filed through the ECF system was sent electronically to the registered participants as indentified on the Notice of Electronic Filing at the time of filing.

**CERTIFICATION RE LOCAL RULE 7.1**

I hereby certify that I conferred with plaintiff's counsel on the subject of this Motion and attempted in good faith to resolve or narrow the issue.

_____
Peter Irvine
Mass. BBO #656538
Attorney for Jeffrey Menard
76 King Street,
Northampton, MA 01060
(413) 587-0008
peter@peterirvinelaw.com