# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MEDIA HOLDINGS, LLC,

       Plaintiff,

  v.

SWARM SHARING HASH FILE
AE340D0560129AFEE8D78CE07F2394C7B
5BC9C05; AND DOES 1 through 38,

       Defendants.

Civil Action No. 11-cv-10802-WGY

### <u>Notice of Taking Deposition</u>

Please take notice that at **10:00 A.M.** on **October 24, 2010**, at the offices of Saunders & Silverstein LLP, the Plaintiff in this action, Liberty Media Holdings, LLC, by its attorneys, will take the deposition on oral examination of **Mr. Jeffery Menard** ("Menard") pursuant to the provisions of the Federal Rules of Civil Procedure and the Court's order of May 11, 2011, before a Notary Public in and for the Commonwealth of Massachusetts.  The deposition shall continue from day to day thereafter, Saturdays, Sundays and holidays excepted. The deposition will be recorded by stenographic or videographic means. All interested parties and their counsel are invited to attend and cross-examine.

Menard is also directed to produce at his deposition the documents set forth in the attached Schedule A.

## SCHEDULE A

**I.    DEFINITIONS**

The following definitions are applicable to this notice of deposition:

1.    The term "Deponent" shall mean Mr. Jeffrey Menard.

2.    The term "Deponent's Internet Connection" shall mean any means including without limitation Ethernet and wireless networks, routers, switches, hubs, and modems that are owned, controlled, or used by Deponent through which electronic devices are able to connect to the internet.

3.    The term "Internet Capable Device" shall mean any devices capable of connecting to the internet through Deponent's Internet Connection, including without limitation personal computers, notebook computers, tablets, e-readers, smartphones, and gaming consoles.

4.    The term "documents" shall mean both "documents" and "things," as those terms are defined in Federal Rule of Civil Procedure 34, and includes any and all written, recorded, printed, or graphic matter, however produced or reproduced, of any kind and description, including but not limited to communications, correspondence, email, text messages, voicemails, instant messages, messages transmitted over social media websites, letters, notes, memoranda of meetings, reports, directives, inter-company communications, diaries, logs, contracts, licenses, ledgers, books of account, vouchers, checks, invoices, charge slips, receipts, freight bills, working papers, drawings, sketches, photographs, models, and writings of every kind or description, tape recordings, computer printouts, magnetic cards, microfilm, microfiches, data, computer files, or other information stored electronically or mechanically or by any other means, including both originals and copies.

5.    The phrase "documents sufficient to show" shall mean sufficient documents to adequately, accurately, and completely address the subject matter of the request.

6.      The term "communication" as used herein shall mean any document or tangible thing, correspondence, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstance whatsoever, whereby information of any nature was stated, written, disclosed, transferred, exchanged, recorded, or in any manner transmitted or transferred.

7.      The term "concerning" shall mean "referring to," "relating to," "reflecting," "referencing," "describing," "discussing," "evidencing," or "constituting."

8.      The term "all" as used herein shall also mean "any and all."

9.      The terms "and" and "or" as used herein shall be construed conjunctively or disjunctively to bring within the scope of these requests any and all information which might otherwise be construed as outside their scope.

10.      The terms "person" or "persons" as used herein shall mean any legal entity including natural persons, corporations, partnerships, estates, or any other kind of legal entity.

11.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb also includes within its meaning all other tenses of the verb so used.

## II.      DOCUMENTS AND THINGS TO PRODUCE AT THE DEPOSITION

1.      Deponent is to bring any and all Internet Capable Devices he owns or that are in his possession, custody, or control, including without limitation all personal computers.  For Deponent's convenience, a computer monitor, mouse, and keyboard will be provided at the deposition location.

2.      Deponent is to bring any and all removable media that Deponent owns or that are in his possession, custody, or control, including without limitation external hard drives, flash

drives, thumb drives, burnt CDs, computer disks, or computer backup storage media of any other type.

3.      Documents sufficient to show whether and how Deponent backs up the data for any internet capable device in his possession, custody, or control.

4.      Documents sufficient to show the Media Access Control ("MAC") address for all Internet Capable Devices with access to Deponent's Internet Connection.

5.      Documents sufficient to show any computer, computer component, hardware, or computer peripheral purchases or acquisitions by or on behalf of the Deponent from November 21, 2010 to the present.

6.      Documents sufficient to show Deponents lease agreement for his place of residence on November 21, 2010.

7.      Documents sufficient to identify every roommate, guest, or visitor with access to the Deponent's Internet Connection during the month of November 2010, including, without limitation, their names, addresses, and phone numbers, and periods of time in which they had access to Deponent's Internet Connection.

8.      Documents sufficient to show all adult entertainment or pornographic materials that are or have been owned, purchased, possessed, or viewed by Deponent from June 2010 to the present.

9.      Documents sufficient to show all files downloaded by Deponent using any and all peer-to-peer file trading protocols, including without limitation the BitTorrent protocol, from the time period of June 2010 to the present.

10.     Documents sufficient to show each and every BitTorrent client downloaded or used by the Deponent.

11.     All documents relating to any non-privileged communications with any third party regarding the subject matter of the Complaint, including without limitation emails, voicemail messages, text messages, messages over social networks, and other electronic messages.

12.     All documents relating to any non-privileged communications with any third party regarding the identity of the individual who downloaded Plaintiff's copyright work, including without limitation emails, voicemail messages, text messages, messages over social networks, and other electronic messages.

13.     All bills for internet service from June 2010 to the present.

14.     Documents sufficient to show Deponent's contracts and agreements with his internet service provider from June 2010 to the present.

15.     Documents sufficient to show Deponent's employment records from June 2010 to the present.

16.     Documents sufficient to show all adult entertainment or pornographic websites Deponent visited from June 2010 to the present.

17.     Documents sufficient to show all adult entertainment or pornographic websites of which Deponent was a member from June 2010 to the present.

Dated: October 7, 2011

                         LIBERTY MEDIA HOLDINGS, LLC

                         By its attorneys,

                         /s/ Aaron Silverstein
                         Aaron Silverstein, Esq.
                         (BBO #660716)
                         SAUNDERS & SILVERSTEIN LLP
                         14 Cedar Street, Suite 224
                         Amesbury, MA 01913
                         P: 978-463-9130
                         F: 978-463-9109
                         E: asilverstein@massiplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2011, the foregoing Notice of Deposition was served upon the attorney of record for the Deponent, via email and first-class mail, postage prepaid, addressed to the following:

       Peter Irvine
       Law Office of Peter Irvine
       76 King Street
       Northampton, MA 01060
       peter@peterirvinelaw.com

                         /s/ Aaron Silverstein
                         Aaron Silverstein

# EXHIBIT B

E-FILED
Friday, 29 April, 2011 09:02:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VPR INTERNATIONALE, | ) | |
| | ) | |
| Plaintiff, | ) | 11-2068 |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1 - 1017, individually and as | ) | |
| representatives of a class, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult entertainment content.  VPR has filed this complaint against 1,017 Doe defendants identified only by Internet Protocol ("IP") address.  VPR alleges that these defendants have distributed adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber and location associated with each IP address.  The court denied the motion for expedited discovery [9].  VPR filed an *ex parte* motion for reconsideration, which was denied on March 22, 2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its motion for expedited discovery.  VPR seeks certification for one controlling question of law:

> Defendants' identifies are unknown to the Plaintiff.  Instead, each Defendant is associated with an Internet Protocol (IP) address.  Internet Service Providers (ISPs) know identity and contact information associated with each IP address.  Is the Plaintiff to entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for reconsideration.  In its memorandum, VPR concedes that the relief sought falls outside traditional adversarial procedure, and states that there is no legal basis to name the ISP providers as defendants.  VPR compares the Doe defendants' IP addresses to "records of *who* rented *which* car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a

1

plaintiff was injured by a rental car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred.  Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car."  The comparison is not apt. The rental agency owns the car and is a potential defendant, so the adversarial process would yield the driver's information.  And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified.  There is no adversarial process yet.  Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers.  Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid.  Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material.  Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections  (including a secure connection from the State University of New York).  *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer.  The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article.  The infringer might be the subscriber, someone in the subscriber's  household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas.  The potential filing of a motion to quash is no reason to abandon the adversarial process.  As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed.  In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants. *See Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants).  In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff.  *Hard Drive*,

---

[1] VPR is represented by John Steele, Esq.  Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

2

Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2]  Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3]  Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

    In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.  Order, d/e 9.

    The motion to certify for interlocutory review [14] is denied.

    Entered this 29th day of April, 2011.

                            \s\**Harold. A. Baker**

                    _____
                            HAROLD A. BAKER
                    UNITED STATES DISTRICT JUDGE

---

[2] In *Lightspeed*, only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

[3] MSNBC article, p. 2.

3

**E-FILED**
Wednesday, 09 March, 2011  08:13:59 AM
Clerk, U.S. District Court, ILCD

UNITED  STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VPR  INTERNATIONALE,[1]

        PLAINTIFF,

        vs.           11-2068

DOES 1-1017,
individually and as representatives
of a class,

        DEFENDANTS.

<u>ORDER ON MOTION FOR EXPEDITED DISCOVERY</u>

In this novel case, which has turned Fed. R. Civ. P. 23 on its head, an identified existing entity, acting as a plaintiff, seeks to sue a class of unnamed individuals, denominated only as Does 1 through 1017.  There has been no service of process yet because, obviously, there is no identified  "person" to serve within the meaning of Fed. R. Civ. P. 4.  So at this point the court has no personal jurisdiction over anyone.  The Does, perhaps, are subscribers who have an internet service address.  All that identifies the Does are multi-digit internet subscriber addresses.

There is nothing to lead the court to believe that expedited discovery is necessary in the case.  There is no basis to believe that information will be lost or evidence destroyed that would justify expedited discovery that is not conducted in an adversarial procedure.

Certainly there are existing, identified entities who could be named as defendants that have control over or know the identity of a particular internet service address customer.  Their being named in the suit would give the court an entity upon whom process could possibly be served and provide personal jurisdiction over identified parties to the suit.  The identified, existing defendant over whom the court had personal jurisdiction could then participate in an adversarial proceeding where questions or claims of privilege or protection could be raised.  *See* Fed. R. Civ. P. 45(d)(2).

Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose and intent of Fed. R. Civ. P. 23 .

The motion to expedite discovery [6] is denied.

Enter this 9th day of March, 2011.

**s/Harold A. Baker**
_____
Harold A. Baker
United States District Judge

[1] Identified in the pleadings as a "Montreal based producer of adult entertainment," nothing indicates whether VPR is a  *sui juris*  entity.