UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SWARM SHARING HASH FILE<br>AE340D0560129AFEE8D78CE07F2394C7B<br>5BC9C05; AND DOES 1 through 38,<br><br>        Defendants. | Civil Action No. 11-cv-10802-WGY |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR A
90 DAY ENLARGEMENT OF TIME TO SERVE COMPLAINT**

The plaintiff Liberty Media Holdings, LLC ("Liberty") respectfully moves *ex-parte* for an order pursuant to Federal Rule of Civil Procedure 4(m) to enlarge the period of time to effect service by 90 days, through and including March 1, 2012. Liberty is prepared to amend the complaint to name defendants and then to complete service of the amended complaint. It requests additional time, however, (1) to allow the remaining John Doe defendants a final opportunity to present any special circumstances to the Court that would warrant allowing them to proceed anonymously, and (2) so that, once the complaint is amended, Liberty has time to efficiently complete service with the waiver procedure set forth in Fed. R. Civ. P. 4(d).

If the requested extension is granted by the Court, Liberty proposes proceeding with amending and serving the complaint under the schedule set forth in Part I below.

**BACKGROUND**

Liberty filed the present copyright infringement suit on May 6, 2011, against thirty eight John Doe defendants, each of whom were identified solely by their IP address and the date and time of infringement. In parallel with this suit, Liberty also filed *Liberty Media Holdings, LLC v. A3E Swarm & Does 1–9*, 11-cv-10801-WGY (the "A3E Swarm"), which contained similar allegations against a separate BitTorrent Swarm infringing the same copyrighted work. A similar motion to extend is being filed concurrently herewith in the A3E Swarm litigation.

1

Shortly after the complaint was filed, Liberty moved for early discovery to subpoena the relevant subscriber records from the Doe's internet services providers ("ISPs"), so as to uncover their identities. The Court granted this motion for early discovery on May 10, 2011 and Liberty diligently served subpoenas on the ISPs the very next day.

As detailed in Liberty's August 25 Motion to Enlarge the Time to Serve, due to the time it took for the ISPs to comply with the subpoena and the time it took to resolve the motions to quash, the bulk of the subscriber records were not provided to Liberty until August. The Court granted the August 25 Motion to Enlarge, setting Liberty's deadline to complete service until December 2, 2011.

Since receiving the records, Liberty has diligently pursued its good faith investigation into whether the identified subscribers could be properly named in the complaint. Liberty has completed its investigation with respect to nearly all of the defendants. To date, this investigation has led to the dismissal of 21 John Does from the case, either through settlement or through Liberty's determination that proceeding against the identified subscriber would not be appropriate.

Liberty intends to proceed against the remaining 15[1] defendants by naming them in the First Amended Complaint. For these Does, Liberty is either satisfied of its good faith basis to proceed with suit, or the Does have been totally nonresponsive, so Liberty has little choice but to proceed against them formally. Liberty, however, is sensitive to the fact that, depending on their particular circumstances, the issues raised in the complaint could potentially rise to those that may justify proceeding anonymously. Thus, out of an abundance of caution, Liberty proposes giving the John Doe defendants one last opportunity to move the Court to proceed anonymously before the amended complaint discloses their identities. Thus, its requested enlargement builds in time for a final notice to these Doe defendants.

---

[1] Of the 38 Does identified, 17 remain. Liberty's investigation, however, has learned that Doe 22 and Doe 31 are actually the same individual, as are Doe 28 and Doe 30. Thus, the 17 remaining Does comprise 15 unique defendants.

**ARGUMENT**

**I.      Proposed Schedule to Amend the Complaint and Serve**

As noted above, Liberty is prepared to amend the complaint to name the infringers.  In order to efficiently complete this process, and also to afford the Does a last opportunity to prevent the disclosure of their identity pursuant to *Roe v. General Hospital Corp.*, 2011 WL 2342737 (Mass. Super. Ct. 2011), Liberty requests a 90 day extension of its service deadline. This extension will give Liberty time to implement the following schedule:

(1) If the present motion is granted, Liberty will send notice to the remaining John Doe defendants that the complaint will be amended in 21 days, and their identities thereby disclosed, unless they move the Court to allow them to proceed anonymously.

(2) After the deadline passes and any motions to proceed anonymously are resolved, Liberty will file the First Amended Complaint, naming the remaining doe Defendants.

(3) Liberty will then request waiver of service for the First Amended Complaint, pursuant to Fed. R. Civ. P. Rule 4(d).  After the 30 day time period passes, Liberty will then serve by hand any defendants who refuse to waive service.

Liberty believes that this schedule is the best and most efficient way for all parties to progress the present lawsuit.  Moreover, the Does will not be prejudiced if an enlargement is allowed.  To the contrary, the Does may be prejudiced without an enlargement, as Liberty will be forced to file an amended complaint without a final warning so it can complete service by the December 2 deadline.

**II.      Liberty has Demonstrated Good Cause for the Requested Extension**

Liberty respectfully submits that it has demonstrated good cause to extend the deadline to serve the complaint because it has prosecuted this case diligently within the confines of the law. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."); *Voltage Pictures, LLC v. Does 1–5,000*, __ F.Supp.2d __, 2011 WL 1807438, n.2 (D.D.C 2011) (granting plaintiff in a copyright suit against Doe defendants a total of 265 days obtain identifying information).

Liberty has worked to progress this case and overcome the obstacles inherent in tracking down and suing anonymous internet infringers.  It promptly served subpoenas on the ISPs once early discovery was authorized, and it has diligently investigated the identified subscribers to confirm its good faith basis to proceed with the claims identified in the suit.  Indeed, its diligence is reflected in the fact that it has validly vindicated its rights with over half of the Doe defendants, leading to their dismissal.

While it has concluded its preliminary investigation and is prepared to take this case to the next stage, the December 2, 2011, service deadline does not allow Liberty enough time to proceed with service in an efficient and orderly manner.  Moreover, rushing to meet the December 2, 2011 deadline would not allow Liberty to delay filing the First Amended Complaint to give the Does a final opportunity to protect their identity, if their particular circumstances would justify special dispensation from the Court.

 In addition, it is in the interest of judicial economy to keep this proceeding in lock-step with the parallel A3E Swarm litigation, which is presently pending before the Court.  While they involve separate groups of defendants, both the AE3 Swarm and A3E Swarm litigations involve many overlapping questions of law and fact that will be more efficient to consider and resolve if these cases remain on similar schedules.

## CONCLUSION

Liberty is prepared to amend the complaint and progress this case.  It, however, requires additional 90-day extension of time to efficiently and effectively proceed with service, and to afford the Does a final opportunity to prevent the public disclosure of their identity.

Dated: November 8, 2011

Respectfully submitted,

LIBERTY MEDIA HOLDINGS, LLC

By its attorneys,

/s/ Aaron Silverstein
Aaron Silverstein, Esq.
(BBO #660716)
SAUNDERS & SILVERSTEIN LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978-463-9100
F: 978-463-9109
E: asilverstein@massiplaw.com

Marc J. Randazza
(BBO # 651477)
6525 Warm Springs Road, Suite 100
Las Vegas, NV 89118
P: 888-667-1113
F: 305-437-7662
E: mjr@randazza.com

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Aaron Silverstein
Aaron Silverstein