UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>, plaintiff<br>v.<br>SWARM SHARING HASH FILE AE340D0560129AFEE8D78CE07F2394C7B5BC9C05 ET AL<br>, defendant | No. 1:11-cv-10802-WGY |

## DEFENDANT ANANT PAVIDAPHA'S ANSWER TO COMPLAINT

### I. ANSWER

NOW COMES the Defendant in the above entitled action and hereby submits the following answers corresponding with the numbered paragraphs in Plaintiff's complaint:

1. Defendant has insufficient information and neither admits nor denies.

2. Defendant has insufficient information and neither admits nor denies.

3. Denied.

4. Denied.

5. Defendant has insufficient information and neither admits nor denies.

6. Defendant has insufficient information and neither admits nor denies.

7. Admit only so much as states that Defendant resides in the Commonwealth of Massachusetts.

8. Denied.

9. Admit only so much as states that Defendant may be found in this District.

10. Defendant has insufficient information and neither admits nor denies.

11. Denied.

12. Defendant has insufficient information and neither admits nor denies.

13. Denied.

14. Denied.

15. Defendant has insufficient information and neither admits nor denies.

16. Denied.

17. Defendant has insufficient information and neither admits nor denies.

18. Defendant has insufficient information and neither admits nor denies.

19. Defendant has insufficient information and neither admits nor denies.

20. Defendant has insufficient information and neither admits nor denies.

21. Defendant has insufficient information and neither admits nor denies.

22. Defendant has insufficient information and neither admits nor denies.

23. Defendant has insufficient information and neither admits nor denies.

24. Defendant has insufficient information and neither admits nor denies.

25. Defendant has insufficient information and neither admits nor denies.

26. Defendant has insufficient information and neither admits nor denies.

27. Defendant has insufficient information and neither admits nor denies.

28. Defendant has insufficient information and neither admits nor denies.

29. Defendant has insufficient information and neither admits nor denies.

30. Defendant has insufficient information and neither admits nor denies.

31. Defendant has insufficient information and neither admits nor denies.

32. Defendant has insufficient information and neither admits nor denies.

33. Defendant has insufficient information and neither admits nor denies.

34. Defendant has insufficient information and neither admits nor denies.

35. Defendant has insufficient information and neither admits nor denies.

36. Denied.

37. Denied.

38. Defendant has insufficient information and neither admits nor denies.

39. Defendant has insufficient information and neither admits nor denies.

40. Defendant has insufficient information and neither admits nor denies.

41. Defendant has insufficient information and neither admits nor denies.

42. Defendant has insufficient information and neither admits nor denies.

43. Defendant has insufficient information and neither admits nor denies.

44. Admit.

45. Defendant has insufficient information and neither admits nor denies.

46. Denied

47. Defendant has insufficient information and neither admits nor denies.

48. Defendant has insufficient information and neither admits nor denies.

49. Admit.

50. Defendant has insufficient information and neither admits nor denies.

51. Denied.

52. Defendant has insufficient information and neither admits nor denies.

53. Denied.

54. Denied.

55. Defendant has insufficient information and neither admits nor denies.

56. Defendant has insufficient information and neither admits nor denies.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Admit.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendant neither admits nor denies.

72. Defendant has insufficient information and neither admits nor denies.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

WHEREFORE, Defendant, Avant Pavidapha, respectfully requests this action be dismissed

78. Defendant neither admits nor denies.

79. Defendant has insufficient information and neither admits nor denies.

80. Defendant has insufficient information and neither admits nor denies.

81. Denied.

82. Denied.

83. Denied.

84. Defendant has insufficient information and neither admits nor denies.

85. Defendant has insufficient information and neither admits nor denies.

86. Denied.

87. Denied.

88. Denied.

WHEREFORE, Defendant, Avant Pavidapha, respectfully requests this action be dismissed.

89. Defendant neither admits nor denies.

90. Denied.

91. Denied.

92. Defendant has insufficient information and neither admits nor denies.

93. Defendant has insufficient information and neither admits nor denies.

94. Defendant has insufficient information and neither admits nor denies.

95. Defendant has insufficient information and neither admits nor denies.

96. Defendant has insufficient information and neither admits nor denies.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Defendant has insufficient information and neither admits nor denies.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

WHEREFORE, Defendant, Anant Pavidapha respectfully requests this action be dismissed.

112. Defendant neither admits nor denies.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

WHEREFORE, Defendant Anant Pavidapha, respectfully requests that this action be dismissed.

120. Defendant neither admits nor denies.

121. Defendant neither admits nor denies.

122. Defendant neither admits nor denies.

123. Defendant neither admits nor denies.

124. Defendant neither admits nor denies.

WHEREFORE, Defendant Anant Pavidapha, respectfully requests that this action be dismissed.

## II. AFFIRMATIVE DEFENSES

1. Defendant denies each and every material allegation of the complaint not specifically admitted, denied, or controverted above.

2. Defendant states that the complaint in the above-entitled matter fails to state a claim upon which relief may be granted.

3. Defendant states that if plaintiff has sustained any damages, those damages are attributable to parties for whom Defendant is not legally responsible.

4. Defendant asserts that plaintiff's recovery is barred by 17 U.S.C. § 512.

5. Defendant states that plaintiff's recovery is barred by the doctrine of collateral estoppel.

6. Defendant states that plaintiff's recovery is barred by the doctrine of latches.

7. Defendant states that plaintiff's recovery is barred by the doctrine of unclean hands.

8. Defendant states that plaintiff's recovery is barred its own waiver.

9. Defendant states that plaintiff's recovery is barred by its failure to join necessary parties.

10. Defendant states that plaintiff's recovery is barred by defective service of process.

11. Defendant states that plaintiff's recovery is barred because the work at issue is not entitled to copyright protection.

WHEREFORE, Defendant respectfully requests this honorable court dismiss each and every claim asserted by Plaintiff's complaint, and enter judgment for Defendant together with costs, attorney's fees, and such other and further relief as the court deems just and proper.

### III. COUNTERCLAIMS

Defendant hereby states the following counterclaims for damages against Plaintiff:

COUNTS ONE AND TWO: Violation of Electronic Communications Privacy Act (18 U.S.C. § 2520)

12. Upon information and belief, Plaintiffs obtained the internet addresses (IP Addresses) associated with Defendant's internet service account.

13. Upon information and belief, such IP Addresses were obtained by Plaintiff prior to its engaging in legal action pursuant to 17 U.S.C. § 512.

14. Upon information and belief, such IP Addresses were shared among plaintiff and other parties for the purposes of contacting various defendants and procuring settlements.

15. Upon information and belief, such IP Addresses were only accessible to plaintiff, under the circumstances, if plaintiff either (a) participated in the conspiracy it alleges, or (b) plaintiff eavesdropped on the communications to which it was not a party.

16. Upon information and belief, Plaintiffs intentionally intercepted, endeavored to intercept, or procured another to intercept or endeavor to intercept a wire, oral or electronic communication, in violation of 18 U.S.C. § 2511(1)(a) in its unlawful investigation in this case.

17. Upon information and belief, Plaintiffs intentionally disclosed, or endeavored to disclose to another person the contents of a wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1) in its unlawful investigation in this case.

18. Upon information and belief, Plaintiffs intentionally used, or endeavored to use, the contents of a wire, oral or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1).

19. Such violations occurred on or about December 3, 2010 at 02:51:59 UTC.

20. Such violations occurred on or about December 4, 2010 at 05:25:22 UTC.

COUNTS THREE AND FOUR: Civil Conspiracy to Violate Electronic Communications Privacy Act (18 U.S.C. § 2520)

21. Defendant re-alleges and incorporates the allegations made in each above paragraph.

22. Upon information and belief, Plaintiffs did by concerted action and by agreement with each other and heretofore unnamed parties, commit a tortious act – namely, violate 18 U.S.C. § 2520.

23. Upon information and belief, Plaintiffs did commit such tortious act in concert with each other and heretofore unnamed parties pursuant to a common design to unlawfully investigate this case.

24. Upon information and belief, Plaintiffs did give substantial assistance to each other and heretofore unnamed parties knowing that the other parties' conduct constituted a breach of duty – namely, the duty to act in accordance with the law.

25. Upon information and belief Plaintiff's own conduct, in substantial assistance to the other parties, separately considered, constituted a breach of duty – namely, the duty to act in accordance with the law.

26. Such violations occurred on or about December 3, 2010 at 02:51:59 UTC.

27. Such violations occurred on or about December 4, 2010 at 05:25:22 UTC.

COUNT FIVE: Counterclaim for Costs and Attorney Fees Pursuant to 17 U.S.C. § 505

28. Defendant hereby counterclaims for the recovery of full costs, including reasonable attorney's fees, in the event that Defendant is the prevailing party.

## IV. DEFENDANTS REQUESTED RELIEF

Defendant hereby prays this honorable court enter the following relief for the claims stated above.

29. Statutory damages in an amount to be determined, according to 18 U.S.C. 2520, in the amount of either $100 a day for each day of violation, or $10,000 for each violation.

30. Recovery of full costs, including reasonable attorney's fees.

31. Such other and further relief as the court deems just and proper.

## V. DEMAND FOR JURY TRIAL

32. Now comes the Defendant in the above entitled matter, and hereby demands a jury trial on each count of the complaint submitted by the plaintiff, and on each of the counterclaims asserted above.

Respectfully submitted,<br>
Defendant<br>
By his Attorney,<br>
<br>
_____/S/_____<br>
Edward R. Molari, Esq.<br>
BBO#: 675771<br>
185 Devonshire St., STE 302<br>
Boston, MA 02110<br>
Phone: (617) 942-1532<br>
Fax: (815) 642-8351<br>
Email: edward@molarilaw.com

Dated: Friday, February 17, 2012

### CERTIFICATE OF SERVICE

I hereby certify that on Friday, February 17, 2012, the foregoing document, together with all documentary exhibits was filed through the ECF system and electronically sent to all registered participants as identified on the Notice of Electronic Filing as of the day and time of filing.

Dated: Friday, February 17, 2012                    Signature:_____/S/_____