UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SWARM SHARING HASH FILE AE3 et al., <br><br> Defendants. | Civil Action No. 11-cv-10802-WGY |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR A
30 DAY ENLARGEMENT OF TIME TO SERVE COMPLAINT ON DOE 15**

The plaintiff Liberty Media Holdings, LLC ("Liberty") respectfully moves for an order pursuant to Federal Rule of Civil Procedure 4(m) to enlarge the period of time to effect service of Doe 15 by thirty (30) days, through and including March 31, 2012. Liberty was under the understanding that it had reached a settlement in principal with Mr. Jeffrey Menard, the subscriber assigned the IP address used by Doe 15. In reliance on this agreement in principal, Liberty suspended efforts to serve him while the formal settlement papers were prepared. Menard, however, has not executed the agreement, and he has gone incommunicative regarding his intentions toward settlement. Thus, Liberty requests a short extension of time to serve him if he does, in fact, intend to repudiate the settlement agreement.

**BACKGROUND**

Liberty filed the present copyright infringement suit on May 6, 2011, against thirty eight John Doe defendants. Since that time, Liberty has worked diligently to identify the anonymous internet infringers, and, indeed has succeeded in either naming or dismissing 37 of the 38 original John Does before the March 1, 2012 deadline to serve the complaint.

As the Court is aware, the IP address used by Doe 15 was assigned to Mr. Jeffrey Menard. Liberty has worked diligently in good faith to investigate its claim against Mr. Menard, including attempting to seek limited additional discovery, which was ultimately denied. The full

circumstances regarding Doe 15 are briefed in detail in Liberty's Opposition to the Motion for a Protective Order (Dkt. No. 64).

After the Court ruling of February 1, 2012, the parties agreed to conduct an informal telephone conversation between Mr. Menard, his attorney, and counsel for Liberty, in an effort to convey the information Liberty sought and potentially resolve the case. The parties agreed to this informal telephone conference on February 14, 2012. The framework for settlement was also communicated to Attorney Irvine on February 14, 2012. Due to Attorney Irvine's scheduling issues, the conference itself took place on February 27, 2012.

During the informal conference, the parties appeared to achieve an agreement in principal on settlement terms. Based on the previous communications with Attorney Irvine, Liberty's understanding was that the formal settlement would be signed and this claim would be resolved before the expiration of the March 1, 2012 deadline to serve the complaint. In reliance on this understanding, Liberty suspended efforts to formally serve Menard.

Menard, however, has not yet executed the agreement. It is unclear, however, what his motivation is for this delay, as he has not communicated his intentions to Liberty, despite repeated efforts by Liberty to follow-up.

## ARGUMENT

**I.      Liberty has Demonstrated Good Cause for the Requested Extension**

Liberty respectfully submits that it has demonstrated good cause to extend the deadline to serve the complaint on Doe 15 because it has prosecuted this case diligently within the confines of the law. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."). Liberty has worked to progress this case and overcome the obstacles inherent in tracking down and suing anonymous internet infringers. It promptly served subpoenas on the ISPs once early discovery was authorized, and it has diligently investigated the identified subscribers to confirm its good faith basis to proceed with the claims identified in the suit. Indeed, its diligence is reflected in the fact that it has now named or dismissed 37 of the 38 original Doe defendants.

Liberty has particularly been diligent with respect to Doe 15 and Menard. It has tried for months to work with Menard to obtain the information it required to make a good faith

determination regarding whether he was a proper defendant in suit. It has also worked with him in good faith to achieve a settlement that would resolve the claim, eliminating the need for service. Liberty simply needs a short amount of additional time to serve Menard in the event that he repudiates the agreement.

A short extension is also warranted to prevent any gamesmanship by Menard. Menard should not be allowed to "run out the clock" on service by agreeing in principal to settlement, and then not signing the papers or repudiating the deal.

Finally, Menard certainly will not be prejudiced by the short extension Liberty requests. He would have been served with the complaint but for his representations that he was agreeable in principal with Liberty's settlement proposal. Indeed, if he approached settlement in good faith — and not merely as a ruse to exhaust the service period — the additional time will give him the time he needs to execute the agreement.

## CONCLUSION

For the reasons set forth above, Liberty respectfully requests a short thirty (30) day extension of time to serve Doe 15 in the event that Menard intends to repudiate the settlement in principal reached between the parties.

Dated: March 1, 2012

Respectfully submitted,

LIBERTY MEDIA HOLDINGS, LLC

By its attorneys,

/s/ Aaron Silverstein
Aaron Silverstein, Esq.
(BBO #660716)
SAUNDERS & SILVERSTEIN LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978-463-9100
F: 978-463-9109
E: asilverstein@massiplaw.com

Marc J. Randazza
(BBO # 651477)
6525 Warm Springs Road, Suite 100
Las Vegas, NV 89118
P: 888-667-1113
F: 305-437-7662
E: mjr@randazza.com

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Aaron Silverstein
Aaron Silverstein